EJECTMENT.              Moore's heirs *vs* Ridgeway *et al.*

*Case* 75.              APPEAL FROM THE HENRY CIRCUIT.

*Exectuors.    Qualification of executors.    Trusts.    Con-*
*veyances.*

*May* 1.        CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.    THIS is action of ejectment, on the demise of the heirs
of *James Francis Moore,* deceased, against *Samuel
Ridgeway* and others, in which, verdict and judgment
having been rendered against the lessors, the only ques-
tion presented for revision is, whether the Circuit Judge
erred in admitting as evidence, on the trial, a conveyance
executed in 1823, by *Elizabeth Moore,* as executrix, and
*Nimrod H. Moore,* as executor of the decedent, and in
instructing the jury to find thereupon for the defendant,
if they believed that the said deed covered the land in
contest.

Jas. F. Moore's will.    James Francis Moore, who was the grantee of the land,
and died in 1809, published a last will, legally establish-
ed, in which, after making some specific devises, he made
the following testamentary provisions and declarations:
"all the rest and residue of my estate, *real and personal,*
" (except my real property at and near *Mann's Lick,* and
"the slaves hereinafter mentioned,) I order to be equally
"divided between all my other children; and I direct that
"my *executors* shall have full power over the same, to
"pay my debts, fulfil my contracts, and this will, in such
"manner as shall seem best in their judgments; and shall
"have power to sell my real estate, in ease of the per-
"sonal; to mortgage or convey the same as they deem ex-
"pedient, and to compromise or arbitrate all disputes
"relative thereto,"—"all the residue of said property,
"containing the salt works, &c. (after a portion thereof
"had been devised by an intermediate clause,) shall be
"rented out by my *executors,* or the survivor of them, in
"the best manner they can, and the proceeds thereof to
"be applied to the education and support of my younger

"children, who are not advanced in the world before my
"death, until the youngest of my said children shall ar-
"rive at 25 years of age, after which event, the said pro-
"perty shall be sold, in such manner as my *executors*
"judge right, on a long credit, and the proceeds of said
"sale be divided equally," &c.—"The survivor or sur-
"vivors of my executors, shall act for the whole, but
"the concurrence of two of them, should so many
"survive, shall be necessary to any act relative to
"my real estate;" and the will then nominated *Elizabeth Moore* executrix, and John Jones and the testator's two sons, *Hector* and *Nimrod H. Moore*, executors, all of whom, except the last, appear to have obtained probate and qualification according to the local law.

It seems to us, that the only consistent deduction from the foregoing extracts is, that the power to dispose of the real estate, was intended by the testator to be executed by any two of the persons (if as many as two should accept and survive,) who might act as his executors, and should not be construed as a personal trust, confided to all the *nominees* described as his *executors*, merely for identification. The power is not even given to the executors, *nominatim*, but *ratione officii*, for the purpose of aiding them in paying the debts, exonerating the personal assets, and executing the "*will*," not as a personal trust, but as executors, vested by the testator with the same power (with one exception only,) over the real, as the law gave them over his personal estate.

Those, therefore, who, after probate, acted and had a legal right to act *as executors*, in relation to the personal estate, had authority also, *as executors*, over the real estate, subject only to the qualification just parenthetically suggested, and no one of the *nominees* who, after probate, had no legal authority as executor, *eo nominee*, to dispose of the personalty, had any power to alienate the testator's land.

As we feel bound to presume, from the facts as now exhibited, that *Nimrod H. Moore* was never qualified as an executor, by taking the prescribed oath, and executing the required bond, and as, moreover, we are not allowed

MOORE'S HEIRS
*vs*
RIDGEWAY *et al.*

Power given to executors to sell real estate "any two or more may act," is not a personal trust, which may be exercised by one named as executor, but did not qualify as such —one, therefore, who has not qualified as executor cannot, tho' uniting with one who has, sell and convey under the will.

MOORE'S HEIRS
*vs*
RIDGEWAY *et al.*

to presume that *Mrs. Moore* was, at the date of conveyance by herself and *Nimrod*, the only survivor of those who had been qualified according to law, the validity and *legal* effect of that deed depend on the question, whether the said *Nimrod* had any power, under the will, to sell and convey the testator's land. And this question is virtually decided by the construction we have just given to the power.

One named as executor in a will has no authority to act without qualification, after probate and the qualification of another person.

It is well settled, by adjudged cases, that, under our statutory system, a non-qualifying executor has no legal authority, *as executor*, after probate and the qualification of another person, and that, consequently, every act attempted by such a recussant nominee, in the character of an executor, *de jure*, is necessarily void: *Mitchell* vs *Rice et al.* 6 *J. J. Marsh.* 623; *Monroe* vs *James*, 4 *Munford*, 194.

We fell therefore, constrained to decide, that, according to the facts now appearing, the conveyance admitted as evidence of a derivation of legal title from *James F. Moore*, must be deemed insufficient to pass any such title, and that, consequently, the Circuit Judge erred in admitting that document as a muniment of title, and in instructing the jury to find for the defendants, if the boundaries designated therein included the land sued for. Upon the facts exhibited in the record, the only remedy, if any can be made available to the appellees, must be in a Court of Equity.

Judgment reversed, and cause remanded for a new trial.

*Wilson, Richmond & Hickman* for appellants: *Owsley, McHenry, Cates & Lindsey* for appellees.